IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM R. COURSEY,** | : | **CIVIL NO. 1:13-CV-0482** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **(Magistrate Judge Carlson)** |
| **Defendant** | : | |

## **M E M O R A N D U M**

**I.      Introduction**

Before the court are two reports and recommendations (Docs. 29 & 36) filed by the magistrate to whom this matter was referred.  Ruling on the first report and recommendation (Doc. 29) was deferred pending remand to the magistrate judge. The magistrate judge complied with the directions to obtain additional information and filed the most recent report and recommendation (Doc. 36).  On June 4, 2014, Plaintiff William Coursey (Coursey) filed a letter to the clerk of court (Doc. 38) which will be deemed to be objections to the report and recommendation. For the reasons stated below, both reports and recommendations will be adopted.

**II.     Discussion**

This action was brought pursuant to the Federal Tort Claims Act,  28 U.S.C. § 2401 *et seq*. and 28 U.S.C. § 2675 *et seq*. arising out of alleged food poisoning at the United States Penitentiary at Canaan.  A settlement was reached in a number of related actions.  Plaintiff was one of the cases that settled; however, he later filed a pleading styled as a declaration of default (Doc. 26), which was labeled by the magistrate judge as a motion to compel specific performance of the settlement

agreement. It appeared that the settlement amount was paid by the United States Treasury pursuant to 31 U.S.C. § 3716; 31 C.F.R. § 285.5(a)(1), to offset qualifying debts owed by Plaintiff to a federal, state, or local government. While this court does not dispute the right of the Department of Treasury to make such payment, the record was not clear whether plaintiff was privy to information such as to whom and for what purpose the payment was made. Hence, this court remanded the matter to the magistrate judge to obtain clarifying information.

      Upon remand, the magistrate judge issued an order (Doc. 34) directing the United States Department of Treasury to comply with 31 C.F.R. § 285.5(g) which is a requirement that gives a payee notice that an offset has occurred; a description of the payment, the amount of debt subject to the offset, and the agency requesting the offset. On May 22, 2014, the United States filed a response (Doc. 35) to the order which attached a copy of the Department of Treasury's January 28, 2014 letter to Plaintiff, in compliance with 31 C.F.R. § 285(g) (Doc. 35-1). In addition, there is an affidavit by an employee of the Bureau of Fiscal Service, United States Department of Treasury, in which he claims that the department complied with the requirements of notice (Doc. 35-2). Thereafter, on May 23, 2014, the magistrate judge issued his most recent report and recommendation (Doc. 36).

      The court notes that the United States Department of Treasury notice was mailed to Plaintiff at the Federal Bureau of Prisons in Des Moines, Iowa and the government's response to the order of the magistrate judge (Doc. 35) was mailed to Plaintiff at USP Canaan. Plaintiff's current address is USP Lewisburg. Therefore, the Clerk of Court will be directed to mail to Plaintiff a copy of document 35 and all its attachments, along with a copy of this memorandum and the accompanying order.

## III. <u>Conclusion</u>

This court is satisfied that the motion to enforce settlement is without merit. The reports and recommendations of the magistrate judge will be adopted. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: June 16, 2014.